Judge Owsley
delivered the opinion of the court.
This case turns upon the propriety of the decision of the circuit court in awarding a new trial.
The new trial was awarded upon the ground of surprise, supported exclusively by the affidavit of Brashiers made part of the record by the bill of exceptions taken to the opinion of the court.
The verdict appears to have been obtained against Brashiers in his absence, and he alledges in his affidavit that intending to defend the suit, he obtained from the clerk subpœnas for his witnesses by whom he believes he would be enabled to establish a valid defence; but being informed by the clerk the suit was set for the ninth day; and understanding the court was proceeding in the fifth day’s business, and supposing it unnecessary to attend until the ninth day’s business should be called, he failed to attend the trial of his cause, which he has since discovered was set for trial on the fifth day of the term.
Without deciding whether the circumstance of Brashiers being informed the cause was set for the ninth day, would have formed a sufficient excuse for not attending until that day of the term, we have no doubt but under the circumstances of this case, he has failed to exhibit that diligence necessary to authorise the court to award a new trial.
For although the cause may have been called in the business of the fifth day, it appears not to have been tried until the tenth day of the term; and as a vigilant suitor he should not have absented himself from the court after the time had arrived, when, from the information he had received, his cause might be regularly tried.
The judgment of the court below, therefore, must be re *154 versed with cost, the cause remanded, and judgment entered in conformity with the verdict of the jury.
Wickliffe for appellant, B. Hardin for appellee.